**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LINYING LIAO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 26-cv-7479 |
| v. | ) | |
| | ) | Honorable Joan B. Gottschall |
| SWEETREAR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| TINGTING XIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 26-cv-7839 |
| v. | ) | |
| | ) | Honorable Joan B. Gottschall |
| HUANSHIWU TRADING, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

These two cases have been consolidated for purposes of deciding two nearly identical motions brought under Rule 4(f)(3) of the Federal Rules of Civil Procedure for leave to serve the summons and complaint by electronic means. *See* Fed. R. Civ. P. 42(a). Both cases began as "Schedule A" cases, and both plaintiffs presently name a single defendant, which operates an Amazon.com store. Plaintiff Linying Liao filed case no. 26-cv-7479 charging defendant with infringing plaintiff's federally registered Moelaky trademark identifying mirrors. *See* 2d Am. Compl. 1–2, Dkt. No. 13. Plaintiff Tingting Xie filed the second action, case no. 26-cv-7839, to enforce plaintiff's Womfui trademark associated with shoulder bags and similar accessories. *See* Am. Compl. 1–2, Dkt. No. 12.

A single attorney represents both plaintiffs and has filed nearly identical Rule 4(f)(3) motions seeking leave to serve the respective defendants by email with the summons and

complaint. Each plaintiff argues that the defendant's whereabouts cannot be reasonably ascertained, despite the fact that the plaintiff has identified facially valid mailing addresses in China associated with each defendant. Mot. for Elec. Serv. 1–2, Liao, Dkt. No. 20; Mot. for Elec. Serv. 1–2, Xie, Dkt. No. 17.[1] Each plaintiff attached several Chinese-language exhibits to the instant motions, and this court directed plaintiffs to file admissible English-language translations. Minute Order, Liao, Dkt. No. 21 (Aug. 6, 2026); Minute Order, Xie, Dkt. No. 18 (Aug. 6, 2026). Each plaintiff has done so but, as explained below, the purported translations are inadmissible, leaving each plaintiff's motion without adequate evidentiary support. *See* Liao Ex., Dkt. No. 22; Xie Ex., Dkt. No. 19.

Article I of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the Hague Service Convention) provides that the convention "shall not apply where the address of the person to be served with the document is not known." Nov. 1, 1965, 20 U.S.T. 361, 362. The plaintiff bears the burden to show "'reasonably diligent efforts to ascertain and verify [the] defendant's mailing address' before deeming the defendant's address unknown." *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793, 799 (7th Cir. 2026) (quoting *NBA Props., Inc. v. Sched. A Defs.*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021)); *accord Luxottica Grp. S.p.A. v. Sched. A Defs.*, 391 F. Supp. 3d 816, 820–21 (N.D. Ill. 2019). Only after a plaintiff has shown reasonable diligence may Rule 4(f)(3) be invoked to authorize service of a summons and complaint by email or an alternative method. *See Kangol*, 177 F.4th at 799; *Luxottica*, 391 F. Supp. 3d at 820–21.

The purported English-language translations filed August 10, 2026, in both cases, do not satisfy the requirements to be admissible as translations of foreign-language documents. Liao Ex., Dkt. No. 22; Xie Ex., Dkt. No. 19; *see* Fed. R. Civ. P. 43(c)–(d); Fed. R. Evid. 604; *ABC Corp. v. Sched. A Defs.*, 2022 WL 18937941, at *1 (N.D. Ill. Dec. 19, 2022); *see also United States v. Zambrana*, 841 F.2d 1320, 1337–38 (7th Cir. 1988). Indeed, there is no

[1] This order employs the following short forms to cite documents filed in each of the consolidated cases: "Liao" for documents filed in case no. 26-cv-7479 and "Xie" for documents filed in case no. 26-cv-7839.

translator's affidavit or declaration, and it is impossible to tell who prepared the translations. This alone renders the August 10, 2026, exhibits inadmissible under Rule 604 of the Federal Rules of Evidence: "An interpreter must be qualified and must give an oath or affirmation to make a true translation." Furthermore, Exhibit C in the Xie case appears to be a machine-generated translation, which is inadmissible under Rule 604. *ABC Corp.*, 2022 WL 18937941, at *1.

Even if the exhibits filed August 10, 2026, were admissible, they show that each plaintiff has identified facially valid mailing addresses associated with the defendant, that those addresses are listed on the defendant's Amazon.com store, that more than one corporate information database in China confirms that at least one business is associated with each mailing address, and that each plaintiff sent a test mailing to the respective defendant's address, which was returned with an "exception" advising that the test mailing was not delivered. Liao Ex. D, E, Dkt. No. 22; Xie Ex. Ex. D, E, F, G, Dkt. No. 19. The Seventh Circuit recently required a showing of the plaintiff's reasonable diligence under Article I of the Hague Service Convention before a court may resort to Rule 4(f)(3) and authorize email service. *Kangol*, 177 F.4th at 799, 802; *see Erchonia Corp. LLC*, *v. Sched. A Defs.*, 2026 WL 2225422, at *4–5 (N.D. Ill. Aug. 3, 2026); *Deckers Outdoor Corp., v. A AO*, 2026 WL 1802901, at *4 (N.D. Ill. June 23, 2026). Consistent with the Seventh Circuit's recent decision, the record must, but presently does not, lay an adequate foundation for the court to determine that sending a test mailing, as plaintiff argues, is sufficient to demonstrate reasonable diligence. For example, it would help to know why the courier service plaintiff used should be treated as authoritative and reliable, as well as why, in view of the many reasons mail can be returned, it is appropriate to infer from the delivery "exceptions" that the defendant is not associated with the mailing address to which a test mailing was sent.

As this court recently explained:

> In the majority of civil suits filed in federal court, the plaintiff retains a process server to investigate the defendant's physical whereabouts in order

> to serve the summons and complaint. It is reasonable to expect the same from a plaintiff in a "Schedule A" case to go to similar lengths to verify a facially valid address in China before finding that the reasonable diligence standard is satisfied. *See Luxottica*, 391 F. Supp. 3d at 820–21. *Kangol* clarified that the reasonable diligence test has two prongs; the plaintiff must show "reasonably diligent efforts to (1) ascertain and (2) verify [the] defendant's mailing address." 177 F.4th at 799 (citations omitted) (numbering added). Here, plaintiff has ascertained two addresses but has not adequately verified them. *See id.*; *Deckers Outdoor.* 2026 WL 1802901, at *4 (differentiating between ascertaining and verifying a defendant's mailing address).

*Zhejiang Ledison Optoelectronics Co., Ltd. v. Jensense*, No. 26-cv-2593, Slip Op. at 3 (N.D. Ill. July 14, 2026) (Dkt. No. 26).

Similarly, the plaintiffs here have ascertained mailing addresses for the respective defendants, but they have not verified them. Nor have plaintiffs explained why sending a test mailing satisfies the reasonable diligence standard, considering that a civil plaintiff is expected ordinarily to hire a process server to investigate a facially valid mailing address associated with a defendant.

For these reasons, the motions for leave to serve the summons and complaints by electronic means, Mot. for Elec. Serv., Liao, Dkt. No. 20; Mot. for Elec. Serv., Xie, Dkt. No. 17, are denied without prejudice. Any renewed motion predicated on similar grounds should explain why the reasonable diligence standard does not require the plaintiff to cause someone, such as a process server, to investigate facially valid mailing addresses associated with a defendant.

Date: August 12, 2026

/s/ Joan B. Gottschall
United States District Judge